[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 97-1689

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 ANTONIUS TURNER,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Joseph L. Tauro, U.S. District Judge] 

 

 Before

 Boudin, Stahl and Lynch,
 Circuit Judges. 

 

Kevin S. Nixon on brief for appellant. 
Antonius Turner on supplemental brief pro se. 
Donald K. Stern, United States Attorney, and Carmen M. Ortiz, 
Assistant U.S. Attorney, on brief for appellee.

 

 January 21, 1998
 

 Per Curiam. After a thorough review of the record and 

the briefs submitted by the parties, we affirm. Appellant

Antonius Turner ("Turner") challenges the district court's

denial of his motion to suppress evidence seized from his car

during a traffic stop. He contends the officers who stopped

him lacked a "reasonable suspicion" that he was engaged in

criminal activity, see Delaware v. Prouse, 440 U.S. 648, 663 

(1979), but we disagree. Given Turner's long history of

driving without a license and ignoring warnings that his

failure to obtain a license would result in his arrest--a

history with which the arresting officer was quite familiar--

it was manifestly reasonable for the officer to assume Turner

was persisting in his failure to obtain a driver's license.

 Turner has filed a supplemental brief pro se which 

raises a number of additional issues, but his arguments fail.

Even if the district court did not fully comply with

Fed.R.Crim.P. 11 when it accepted his guilty plea, we find

that any error was harmless, since Turner fully understood

the quantity of drugs to which he was admitting and the

sentence upon which the parties had agreed. Fed.R.Crim.P.

11(h). Further, we see no evidence in the record that his

plea was involuntary. His claim that his sentence violated

the eighth amendment was not preserved for appeal, and

nowhere in the record does it appear that Turner ever

objected to the probation officer's statement that the

 -2-

substance at issue was cocaine base, or that he made any

other objections to the Presentence Report. By pleading

guilty, he waived his right to challenge any speedy trial

violation. United States v. Cordero, 42 F.3d 697, 698-99 

(1st Cir. 1994). We do not reach any conclusion regarding

the merits of his ineffective assistance claim, since the

record on this issue is not fully developed. United States 

v. Carrington, 96 F.3d 1, 6 (1st Cir. 1996). Turner may 

raise this issue by filing a motion pursuant to 28 U.S.C. 

2255 in the district court. The motion should be supported

by a signed affidavit from Turner stating at a minimum

whether his attorney advised him before his guilty plea of

the results of the second weighing of the cocaine seized from

him on the night of his arrest.

 Affirmed. Loc. R. 27.1. 

 -3-